**Louis A MOVITZ, as Trustee, and Estock Corporation, N.V., Plaintiffs,**

v.

**The FIRST NATIONAL BANK OF CHICAGO, Defendant.**

No. 86 C 2696.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 9, 1997.

Jerold Sherwin Solovy, Laura A. Kaster, James L. Thompson, Jenner & Block, Chicago, IL, Myron M. Cherry, Cherry & Flynn, Chicago, IL, for Jawad Hashim and Estock Corp., N.V.

Peter A. Flynn, Cherry & Flynn, Chicago, IL, for Louis A. Movitz.

Kathleen Marie McCarthy, Winston & Strawn, Chicago, IL, Lynn Adrian Goldstein, Chicago, IL, Marjorie Press Lindblom, Kirkland and Ellis, New York City, Peter J. Kilchenmann, TransAmerica Commercial Finance Corp., Chicago, IL, Fred H. Bartlit, Jr., Bartlit, Beck, Herman, Palenchar & Scott, Chicago, IL, for First Nat. Bank of Chicago.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Plaintiffs' Motion for Prejudgment Interest. For the following reasons, the motion is denied.

### I. BACKGROUND

In the late 1970s, The First National Bank of Chicago ("Defendant") had a program to attract foreign high-net-worth individuals as customers, and to manage and invest the

assets of such persons in real property within the Unites States. Dr. Jawad Hashim[1] ("Hashim"), born in Iraq,[2] was such an investor.

In the summer of 1980, the Defendant learned that "Corporate Atrium I," an office building in a suburb of Houston, Texas, was for sale. The Defendant advised Hashim of the investment opportunity. In August 1980, Hashim visited the property with a representative for the Defendant, and reviewed the information the Defendant supplied to him concerning the property.

Hashim allegedly signed a written letter, authorizing the Defendant to purchase Corporate Atrium I, based on the Defendant's "expertise and experience in the evaluation, acquisition, management, and disposition of real property located within the United States." The co-Plaintiff, Estock Corporation, N. V., ("Estock"), was incorporated to acquire, and hold title to, Corporate Atrium I; Hashim was the sole shareholder. Pursuant to an Agency Agreement, Estock retained the Defendant as its "advisor, agent, and attorney-in-fact for the evaluation, acquisition, management and disposition of Properties."

In December 1980, the Defendant acquired Corporate Atrium I on behalf of Estock. Between December 1980 and May 1984, the Defendant managed Corporate Atrium I. Allegedly, after learning of the Defendant's mismanagement of the building, Hashim terminated the Defendant. Chase Manhattan took over the management responsibilities. In late 1985, Estock and Hashim were advised that at least another $1,000,000 would be needed to salvage their investment; they decided to allow the mortgage holder to foreclose on the building instead.

In May 1986, the Plaintiffs filed a complaint, alleging breach of fiduciary duty, common law negligence, and breach of contract. On March 27, 1997, a jury returned a general verdict in favor of the Plaintiffs, and against the Defendant, in the amount of $3,284,665.

The Plaintiffs now seek prejudgment interest.

## II. DISCUSSION

The Plaintiffs argue that they are presumptively entitled to prejudgment interest under federal law. *See City of Milwaukee v. Cement Div., Nat'l Gypsum Co.,* 515 U.S. 189, 195–96, 115 S.Ct. 2091, 2095–96, 132 L.Ed.2d 148 (1995) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss. Full compensation has long been recognized as a basic principle of admiralty law."); *Matter of Oil Spill by the Amoco Cadiz,* 954 F.2d 1279, 1331 (7th Cir.1992) ("Money today is not a full substitute for the same sum that should have been paid years ago. Prejudgment interest therefore is an ordinary part of any award under federal law."); *Gorenstein Enter., Inc. v. Quality Care–USA, Inc.,* 874 F.2d 431, 436 (7th Cir. 1989) ("The time has come, we think, to generalize, and to announce a rule that prejudgment interest should be presumptively available to victims of federal law violations." ).

■ This, however, is a diversity case, controlled by Illinois law. "In diversity cases governed by *Erie,* federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest." *Medcom Holding Co. v. Baxter Travenol Lab., Inc.,* 106 F.3d 1388, 1405 (7th Cir.1997) (*quoting Amoco Cadiz,* 954 F.2d at 1333). As such, the court must determine whether the Plaintiffs are entitled to prejudgment interest under Illinois law.

■ In Illinois, prejudgment interest is generally recoverable only when an express agreement between the parties exists or if it is authorized by statute. *See Continental Cas. Co. v. Commonwealth Edison Co.,* 286 Ill.App.3d 572, 221 Ill.Dec. 807, 810, 676 N.E.2d 328, 331 (1997) (*citing Dep't of Transp. v. New Century Eng'g and Dev.*

---

**1.** Hashim filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona. Louis A. Movitz is Hashim's Trustee in bankruptcy, and has been formally substituted in as the real party in interest, along with Estock Corporation, N. V., (collectively "Plaintiffs").

**2.** Currently a Canadian citizen.

*Corp.*, 97 Ill.2d 343, 73 Ill.Dec. 538, 454 N.E.2d 635 (1983)); *Bank of Chicago v. Park Nat'l Bank*, 266 Ill.App.3d 890, 203 Ill.Dec. 915, 923, 640 N.E.2d 1288, 1296 (1994). Alternatively, the court can grant prejudgment interest if it is warranted by equitable considerations. *See In re Marriage of Blinderman*, 283 Ill.App.3d 26, 218 Ill.Dec. 544, 550, 669 N.E.2d 687, 693 (1996) (" 'Prejudgment interest is proper where authorized by statute, agreement of the parties, or in cases where warranted by equitable considerations.' ") (citations omitted).

The Plaintiffs do not argue that an express agreement warranting prejudgment interest exists. Thus, the court will determine whether the Plaintiffs have a statutory right to prejudgment interest. The Interest Act in Illinois provides that

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due [1] on any bond, bill, promissory note, or other instrument of writing; [2] on money lent or advanced for the use of another; [3] on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; [4] on money received to the use of another and retained without the owner's knowledge; and [5] on money withheld by an unreasonable and vexatious delay of payment.

815 Ill. Comp. Stat. 205/2 (West 1993).

■ The Plaintiffs do not argue that this case falls within one of the five statutory conditions. Relying on *Ash v. Georgia–Pacific Corp.*, 957 F.2d 432 (7th Cir.1992), Plaintiffs simply argue that they are entitled to prejudgment interest because their damages are "fixed or easily ascertainable." A careful reading of *Ash* reveals, however, that the damages must be fixed or easily ascertainable in order to receive prejudgment interest under the Interest Act. *See Ash*, 957 F.2d at 439. The mere fact that the Plaintiffs' damages are fixed or easily ascertainable does not warrant the grant of prejudgment interest; the statute must also be satisfied. *See Oak Park Trust & Sav. Bank v. Intercounty Title Co. of Illinois*, 287 Ill. App.3d 647, 222 Ill.Dec. 851, 856, 678

N.E.2d 723, 728 (1997) ("Prejudgment interest will be awarded for an amount due on an instrument in writing if the amount was liquidated or easily computed."); *Kruse v. Kuntz*, 288 Ill.App.3d 431, 225 Ill.Dec. 522, 683 N.E.2d 1185, 1188 (1996) ("Absent an express agreement between the parties, allowance of prejudgment interest on written instruments is available under section 2 of the Interest Act if the amount due is a fixed amount or easily computed.") (citations omitted); *Wilson v. Cherry*, 244 Ill.App.3d 632, 184 Ill.Dec. 77, 81–82, 612 N.E.2d 953, 957–58 (1993) ("[N]o case law has been called to our attention where prejudgment interest has been permitted merely because of ease of computation of the underlying damages.").

The statute is not satisfied in this case. "An instrument in writing within the meaning of the statute is one that sets up a creditor-debtor relationship." *Krantz v. Chessick*, 282 Ill.App.3d 322, 217 Ill.Dec. 892, 895, 668 N.E.2d 77, 80 (1996). The Plaintiffs have offered no evidence, or argument. that such a written instrument exists. Nor can the Plaintiffs argue that (1) they lent or advanced money to the Defendant; (2) they entered into a settlement agreement with the Defendant; (3) the Defendant received money for its own use and retained it without the Plaintiffs' knowledge; or (4) there was an unreasonable and vexatious delay of payment, *see Ouwenga v. Nu–Way Ag, Inc.*, 239 Ill.App.3d 518, 178 Ill.Dec. 562, 569, 604 N.E.2d 1085, 1092 (1992) ("Neither a good faith dispute concerning the existence of a legal obligation nor the defense of a lawsuit can be regarded as an unreasonable and vexatious delay of payment.").

■ Even assuming that the statute is somehow satisfied, prejudgment interest is not allowable because the Plaintiffs' damages were not fixed or easily ascertainable. The Plaintiffs argued that their damages ranged between 8 to 18 million dollars, and offered alternative theories of damages. *Id.* 178 Ill. Dec. at 568–69, 604 N.E.2d at 1091–92 (submission of alternative measures of lost profit damages evidences that damages are not fixed). The Plaintiffs' damages were not fixed until the jury exercised its discretion

and fixed the amount the Defendant owed to the Plaintiffs. *See Dallis·v. Don Cunningham and Assoc.*, 11 F.3d 713, 719 (7th Cir. 1993) (damages not liquidated if subject to jury's discretion and judgment). Consequently, the remaining theory of recovery is in equity.

Relying on *In re Estate of Wernick*, 127 Ill.2d 61, 129 Ill.Dec. 111, 535 N.E.2d 876 (1989), the Plaintiffs argue that they are entitled to prejudgment interest because this is a breach of fiduciary duty case. In *Wernick*, a fiduciary underpaid the decedent for the sale of some properties, and retained the proceeds for his own use and benefit. *Id.* 129 Ill. Dec. at 123, 535 N.E.2d at 888. The *Wernick* court held that "prejudgment interest may be awarded when warranted by equitable considerations, and disallowed if such an award would not comport with justice and equity." *Id.* The court reasoned that "[f]undamental principles of damages and compensation dictate that . when money has been wrongfully withheld the victim receive interest for the wrongdoer's retention of his money." *Id.* The goal is to "make the injured party complete by forcing the fiduciary to account for profits and interest he gained by the use of the injured party's money." *Id.*

"Illinois courts have declined to apply the rule governing equitable awards of prejudgment interest to cases at law, notwithstanding that an injured party who is eventually compensated may suffer detriment from the inability to use the money from the date of loss to the date of compensation." *Continental Cas. Co.*, 221 Ill.Dec. at 811, 676 N.E.2d at 332; *see also Wilson*, 184 Ill.Dec. at 80, 612 N.E.2d at 956 (equitable award of prejudgment interest without statutory authority has not been followed in cases at-law); *Rush–Presbyterian–St. Luke's Med. Ctr. v. Hellenic Republic*, No. 86 C 2021, 1991 WL 278300, at *2–3 (N.D.Ill.1991) (recovery of prejudgment interest in an at-law case is

controlled by statute, and not *Wernick*, an equitable action).

■ The court notes that the Plaintiffs argued three theories of liability to the jury: (1) breach of fiduciary duty; (2) common law negligence; and (3) breach of contract. An equitable award of prejudgment interest is only available under the theory of breach of fiduciary duty. *See Wilson*, 184 Ill.Dec. at 82, 612 N.E.2d at 958 ("Illinois does not presently permit the award of prejudgment interest in suits for recovery for negligence."); *Rush–Presbyterian–St. Luke's Med. Ctr.*, 1991 WL 278300, at *3 ("[N]one of the cases cited by plaintiffs open the door for an equitable award of prejudgment interest in an action for breach of contract."). Since the jury awarded a general verdict in favor of the Plaintiffs, the court has no way of reading the minds of the jury to determine under which theory or theories of liability the jury awarded its verdict. *Cf. Daniels v. Pipefitters' Assoc.*, 945 F.2d 906, 924–25 (7th Cir.1991).[3] As such, the court is not convinced that an equitable award of·prejudgment interest is allowable in this case.

■ Nevertheless, assuming that the jury returned a verdict solely on the theory of breach of fiduciary duty, the court finds that equitable considerations do not warrant an award of prejudgment interest in this case. Generally, courts grant an equitable award of prejudgment interest when they find that the fiduciary has wrongfully withheld money from the injured party. *See Krantz*, 217 Ill.Dec. at 896, 668 N.E.2d at 81 (an attorney wrongfully retained more money than his clients owed him under the one-third contingency fee agreement); *Progressive Land Developers v. Exchange Nat'l Bank of Chicago*, 266 Ill.App.3d 934, 204 Ill.Dec. 384, 392, 641 N.E.2d 608, 616 (1994) (Equitable award of prejudgment interest is not warranted when the plaintiff retained the sale proceeds, and there is "no evidence that defendant derived any financial benefit whatsoever from the

---

3. In addition, the Plaintiffs admit that prejudgment interest is only available for the Plaintiffs' out-of-pocket damages. However, there is no way of determining what portion of the general verdict constitutes Plaintiffs' out-of-pocket damages, as opposed to its alternative investment damages. *Cf. Daniels*, 945 F.2d at 924–25. The

jury instructions given by the court allowed for full recovery. Nothing in the record shows that the verdict is inconsistent with those instructions. Under these circumstances, the court finds that there is no right to prejudgment interest. *Id.*

improper sales."); *McKenzie Dredging Co. Inc. v. Deneen River Co., Inc.*, 249 Ill.App.3d 694, 188 Ill.Dec. 824, 827, 619 N.E.2d 188, 191 (1993) ("[T]he purpose of [an equitable award of] prejudgment interest is to fully compensate a party when its money has been wrongfully withheld."); *see also California Union Ins. Co.*, 930 F.Supp. at 322 ("We find the same thread running throughout Illinois case law in this area: courts speak of forcing fiduciaries to account for money 'wrongfully withheld' from the injured party.") (citations omitted).

Here, the Defendant did not wrongfully withhold money from the Plaintiffs, or use the Plaintiffs' money for its own use. *See Progressive Land Developers*, 204 Ill.Dec. at 392, 641 N.E.2d at 616. Nor is there evidence that the Defendant intentionally deceived the Plaintiffs. *Id.* The Defendant's imprudent actions alone are not enough to warrant an equitable award of prejudgment interest. *Id.* Therefore, the court declines the opportunity to grant an equitable award of prejudgment interest.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Prejudgment Interest is denied.

IT IS SO ORDERED.